UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE BRITTON YATES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>C. KING, ET AL.,<br><br>　　　　Defendants | Case No.1:14 cv 00498 GSA PC<br><br><br>ORDER DISMISSING ACTION<br>AS TIME-BARRED |

　　　　Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).[1]

　　　　Plaintiff, a former state prisoner, brings this civil rights action against Defendant correctional officials employed by the California Department of Corrections and Rehabilitation (CDCR) at CCI Tehachapi.  Plaintiff names as Defendants Correctional Officer (C/O) C. King and Does 1-10.  Plaintiff claims that Defendants were deliberately indifferent to a serious risk of harm, resulting in injury to Plaintiff.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on April 17, 2014 (ECF No. 4).

1

Plaintiff alleges that on February 18, 2010, while he was housed at Tehachapi, Defendant King witnessed an assault on Plaintiff by three other inmates.  Plaintiff alleges that the inmates sprayed some type of chemical in his face and attempted to sexually assault him.  Plaintiff alleges that Defendant King saw the attack, and refused Plaintiff's request for help.  Plaintiff also alleges that on June 24, 2010, the day of his release from custody, Defendant King "had me attacked by an inmate which could of resulted in my death had I not been able to break away from the inmate whom King had attack me."  Plaintiff alleges that he was released from custody on that date.  Plaintiff alleges that approximately three years after his release, he was returned to custody.

The Federal Civil Rights Act does not contain its own limitations period.  Bd. of Regents v. Tomanio, 446 U.S. 478, 483 (1980).  Therefore, federal courts apply the forum state's statute of limitations for personal injury torts.  Id.  The statute of limitations for an action filed under 42 U.S.C. § 1983 is the state's general or residual statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. at 280; Owens v. Okure, 488 U.S. 235, 249-50, (1989).  Effective January 1, 2003, the statute of limitations in California for assault, battery and other personal injury claims is two years, instead of one.  Cal. Code Civ. Proc. § 335.1.; Jones v. Blanas, 393 F.3d 981, 927 (9th Cir. 2004).  A § 1983 action filed after that date is governed by the two year statute of limitations for personal injury actions.  Id. (citing Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004)).  Federal courts apply state law governing the tolling of the statute of limitations as long as the result is not inconsistent with federal law.  Hardin v. Straub, 490 U.S. 536, 543-44 (1989).  Prior to 1995, the statute of limitations was tolled during any continuous period of incarceration, unless the plaintiff was serving a life term.  See former Cal. Code Civ. Proc. § 352(a)(3).  In 1995, the tolling statute was amended to provide for a two year period of tolling for non-life prisoners.  Carlson v. Blatt, 87 Cal.App.4th 646, 649 (2001); Cal. Code Civ. Proc. §352.1.  Finally, the statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).  See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).  That is the case here – the defense appears complete and obvious from the face of the complaint.

Plaintiff alleges that Defendants failed to protect him on two occasions, in February of 2010 and June of 2010.  Plaintiff alleges that he was released on the day of the June 2010 event.  Plaintiff therefor had two years from the date of that event in which to file his complaint.  Regarding the February 2010 event, Plaintiff had two years, plus four months tolled while he was incarcerated, or until October of 2012 in which to file a complaint.  The complaint in this action was filed on May 15, 2014, well past the statute of limitations for bringing such a suit.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed as time-barred for failure to file within the applicable statute of limitations.   The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 11, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE